# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TOUCH, LLC,<br>        Plaintiff(s),<br>v.<br>ALL DONE MANAGEMENT GROUP, INC.,<br>        Defendant(s). | Case No. 2:20-cv-01385-JAD-NJK<br>**ORDER**<br>[Docket No. 14] |

Pending before the Court is Plaintiff's motion for entry of default judgment. Docket No. 14. The motion has been referred to the undersigned magistrate judge.

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Instead, whether to enter default judgment is a decision entrusted to the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). As part of that exercise of discretion, the Ninth Circuit has instructed that courts have a duty to ensure that they have a proper basis for exercising personal jurisdiction over the absent defendant. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999).

Plaintiff's motion does not explain how the Court has personal jurisdiction over Defendant, which operates in California. *See* Docket No. 1 at ¶ 15; *see also id.* at ¶ 2 (providing allegations regarding personal jurisdiction). Moreover, the case law raises concerns that personal jurisdiction may be lacking in this case. *Cf. Bellagio, LLC v. Bellagio Car Wash & Exp. Lube*, 116 F. Supp. 3d 1166, 1170-73 (D. Nev. 2015) (holding that personal jurisdiction was lacking for trademark infringement matter arising out of Los Angeles-based carwash using "Bellagio" name). The briefing is not sufficient to make a determination as to personal jurisdiction.

Accordingly, the motion for default judgment is **DENIED** without prejudice. Any renewed motion must be filed by April 25, 2022, and must provide meaningfully developed argument[1] as to how the Court can exercise personal jurisdiction over Defendant.

IT IS SO ORDERED.

Dated: April 4, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Nancy J. Koppe
United States Magistrate Judge

---

[1] The case law regarding personal jurisdiction in the context of alleged intellectual property infringement has been evolving in recent years. *See Jagen Invs. LLC v. Cannon Fin'l Inst., Inc.*, at *2-5 (D. Nev. June 27, 2016), *adopted*, 2018 WL 4335619, at *1 (D. Nev. Sept. 11, 2018); *see also Axiom Foods, Inc. v. Acerchem Int., Inc.*, 874 F.3d 1064, 1068-71 (9th Cir. 2017). Any renewed motion must include a fulsome discussion regarding the current state of the law.